UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WILFREDO CRUZ,

                               PLAINTIFF,           **COMPLAINT**

              -AGAINST-                      **ECF CASE**

NEW YORK CITY, POLICE JOHN DOE 1, and POLICE
OFFICER JOHN DOE 2, individually, and in their
capacities as members of the New York City Police
Department,

                            DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Wilfredo Cruz ("Mr. Cruz"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about November 8, 2013, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Cruz to *inter alia* false arrest and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Cruz is a United States citizen and at all times here relevant resided at 528 East 11th Street, Apartment 18, New York, NY 10009.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer John Doe 1 ("PO John Doe 1") and Police Officer John Doe 2 ("PO John Doe 2"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Cruz is a 32 year-old United States citizen.

11. Mr. Cruz is a graduate of Apex Technical School and works as an electrical assistant.

12. On or about November 8, 2013, Mr. Cruz was getting a ride with his friend Mr. Rick Spellman ("Mr. Spellman").

13. Mr. Spellman had two other friends in the car, Mr. Rada and Ms. Garcia.

14. Mr. Spellman was seated in the driver's seat and Mr. Cruz was seated in the front passenger seat.

15. Mr. Rada and Ms. Garcia were seated in the back of the car.

16. Mr. Spellman parked the car on West 165th Street outside a barber shop.

17. Mr. Rada and Ms. Garcia's children were in the barber shop.

18. Two police cars then pulled up beside Mr. Spellman's car.

19. Several police officers got out of the police cars, including PO John Doe 1 and PO John Doe 2.

20. The police officers told the occupants of Mr. Spellman's car to get out of the car.

21. Mr. Cruz got out of the car and was searched by a police officer.

22. The police officer found nothing on Mr. Cruz's person, other than a cell phone and identification.

23. Mr. Cruz was handcuffed behind his back and taken to the 33rd Precinct.

24. Upon information and belief, the police officers found a quantity of illegal drugs inside the handbag of Mr. Garcia and on the person of Mr. Garcia.

25. At all times relevant, Mr. Garcia's handbag had been in the back seat of Mr. Spellman's car.

26. Mr. Cruz was not aware that Ms. Garcia had illegal drugs in her handbag or in her possession.

27. Mr. Cruz was held in a cell at the 33rd Precinct for several hours.

28. Mr. Cruz was never informed of the charges against him at the precinct.

29. Mr. Cruz was taken to Central Bookings and charged with Criminal Possession of a Controlled Substance and Unlawful Possession of Marijuana.

30. Mr. Cruz was held for approximately five days before he posted bail.

31. On or about March 13, 2014, Mr. Cruz attended court and all charges against him were dismissed.

32. Mr. Cruz continues to feel upset by the events of November 8, 2013, and is wary and fearful when he sees police officers.

33. Mr. Cruz suffered a great deal following the incident and continues to feel embarrassment, humiliation, emotional distress and frustration.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

34. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

36. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

37. Defendants confined plaintiff.

38. Plaintiff was aware of, and did not consent to, his confinement.

39. The confinement was not privileged.

40. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

41. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

42. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

43. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

44. The malicious prosecution was initiated by defendants without legal justification and without probable cause, defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

45. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

46. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         July 10, 2014              By:            /s/

                                    Duncan Peterson (DP 7367)
                                    PetersonDelleCave LLP
                                    Attorney for Plaintiff
                                    233 Broadway, Suite 1800
                                    New York, NY 10279
                                    (212) 240-9075

6